UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Mine KAVAFOGLU; Ali KAVAFOGLU; A-K- (MINOR CHILD); S-K- (MINOR CHILD); N-K- (MINOR CHILD),<br><br>    Plaintiffs,<br><br>          -v-<br>United States of America;<br>Michael R. POMPEO, Secretary of State, U.S. Department of State;<br>Kirstjen M. NIELSEN, Secretary of the Department of Homeland Security;<br>Lee Francis CISSNA, Director, U.S. Citizenship and Immigration Services;<br>Tony BRYSON, District Director, U.S. Citizenship and Immigration Services;<br>Mark SIEGL, Director, U.S. Citizenship and Immigration Services Houston Field Office,<br><br>    Defendants. | Civil Case No.:<br><br>**Complaint for Writ of Mandamus and Declaratory Relief**<br><br>***(Urgent Expedited Hearing and Ruling Request Filed Herewith)*** |

Plaintiffs, through their undersigned counsel, now file a Complaint. A Motion for an Emergency Temporary Restraining Order is also being filed contemporaneously. Plaintiffs file this Complaint to preserve their eligibility for Diversity Visas given that the Fiscal Year for the Diversity Lottery Program will end on September 30, 2018.

INTRODUCTION

1. Plaintiffs fled their home country of Turkey to the United States in April 2016 and have remained in the United States since that time. Plaintiffs currently have pending applications for asylum with the U.S. Citizenship and Immigration Services ("CIS") at the Houston Asylum Office. Subsequently, Plaintiff Mine

1

Kavafoglu, with her family as derivatives, were awarded the opportunity to apply for permanent residency through selection in the diversity visa lottery by the U.S. Department of State. After applying for adjustment of status with CIS, Plaintiffs' applications for permanent residency were erroneously denied.

2. Plaintiffs did not file motions to reconsider those denials with CIS with Form I-290B because the denial was received on September 24, 2018, and Plaintiffs' Counsel received the Denial on September 27, 2018, and the fiscal year for the diversity lottery program under which they applied will end on September 30, 2018.

3. However, Plaintiffs' counsel filed a Service Motion to Reconsider and a Request to Re-open on September 28, 2018 which was sent via email to District Director Tony Bryson, Deputy District Director, Tracy Tarango, Field Office Director, Mark Siegl, and hand delivered it to a supervisor on duty at the Houston Field Office. Plaintiffs' Attorney, Ruby L. Powers, received an email response from the Section Chief, Bertha Johnson, that their decision would stand and soon after a phone call from District Director Tony Bryson explaining their final decision would stand.

4. The Board of Immigration Appeals has found that adjustment of status is permitted in Plaintiffs' circumstance – where an individual was in lawful status prior to applying for asylum, and that asylum application has not been acted upon. *See Matter of L-K-*, 23 I&N Dec. 677 (BIA 2004).

5. CIS has ignored and misinterpreted the clear holding of *Matter of L-K-* in order to deny relief to Plaintiffs. This unlawful interpretation is the only issue standing

between Plaintiffs' ability to adjust their status and to receive lawful permanent resident status.

6. This matter is urgent. If the visas are not issued by the end of the current fiscal year, ending September 30, 2018, Plaintiffs will be statutorily unable to adjust status. *See* 8 U.S.C. §1153(c), (e), 8 U.S.C. §1154(a)(1)(I)(ii)(II). CIS must approve the applications for adjustment of status and request the visa numbers from the Department of State, which must then allocate those numbers.

7. Plaintiffs now ask the Court for a writ of mandamus and declaratory relief to permit them the relief to which they are legally entitled.

PARTIES

8. Plaintiff, Mine Kavafoglu, is a native and citizen of Turkey, residing in Sugar Land, Texas.

9. Plaintiff, Ali Kavafoglu, is a native and citizen of Turkey, residing in Sugar Land, Texas. Plaintiff is the spouse of Mine Kavafoglu.

10. Plaintiff, A- K, is a native and citizen of Turkey, residing in Sugar Land, Texas. A-K is the minor child of Plaintiffs Mine and Ali.

11. Plaintiff, S- K, is a native and citizen of Turkey, residing in Sugar Land, Texas. S-K is the minor child of Plaintiffs Mine and Ali.

12. Plaintiff, N-K, is a native and citizen of Turkey, residing in Sugar Land, Texas. N-K is the minor child of Plaintiffs Mine and Ali.

13. Defendant, United States of America, is responsible for the adjudication of the applications for adjustment of status filed by Plaintiffs, through the Executive Branch of the U.S. Federal Government.

14. Defendant, Michael R. Pompeo, is the Secretary of State at the U.S. Department of State. Michael R. Pompeo is sued in his official capacity as the Secretary of the cabinet department of the U.S. Federal Government which administers the Diversity Visa Program and which is authorized to issue visas. Defendant is empowered and obligated to allocate and issue each Plaintiff a visa number upon receipt of a completed and approved application and upon receipt of a request by USCIS for the issuance of a visa number.

15. Defendant, Kirstjen M. Nielsen, is the Secretary of the U.S. Department of Homeland Security. Kirstjen M. Nielsen is sued in her official capacity as the Secretary of the cabinet department of the U.S. Federal Government which houses U.S. Citizenship and Immigration Services. In this capacity, she has responsibility for the administration and enforcement of the immigration and naturalization laws pursuant to section 402 of the Homeland Security Act of 2002, 107 Pub. L. No. 296, 116 Stat. 2135 (Nov. 25, 2002); see also 8 U.S.C. § 1103.

16. Defendant, L. Francis Cissna, is the director of U.S. Citizenship and Immigration Services. L. Francis Cissna is sued in his official capacity as the director of the agency charged with adjudicating applications for adjustment of status.

17. Defendant, Tony Bryson, is the District Director of Defendant, which oversees the Houston Field Office, and is responsible for the adjudication of the applications for adjustment of status filed by Plaintiffs. Tony Bryson is sued in his official capacity as the District Director of District 33 of the Citizenship and Immigration Services Office.

18. Defendant, Mark Siegl, is the Field Office Director of Defendant, the Houston Field Office, and is responsible for the adjudication of the applications for adjustment of status filed by Plaintiffs. Mark Siegl is sued in his official capacity as the Field Office Director of the Houston District Citizenship and Immigration Services Office, the office that adjudicates applications by individuals living in Sugar Land, Texas. Defendant is empowered and obligated to take all action necessary to process Plaintiffs' applications for Adjustment of Status and to award them lawful permanent residency.

## JURISDICTION

19. This court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question jurisdiction); 28 U.S.C. §1361 (jurisdiction over actions for mandamus); 28 U.S.C. §1651 (the All Writs Act); and 28 U.S.C. §2201 (declaratory judgment act). The Administrative Procedures Act, 5 U.S.C. §701 et seq. applies to this lawsuit.

## VENUE

20. Venue properly lies in the Southern District of Texas pursuant to 28 U.S.C. 1391(b) and (e)(1) because (i) the United States government is a defendant; (ii) a substantial part of the events or omissions giving rise to the claims occurred arose in the CIS Houston District Office; (iii) the defendant, Mark Siegl, resides in this judicial district; and (iv) Plaintiffs reside in this district.

## STATEMENT OF FACTS

21. Plaintiffs entered the United States with B2 Visitor Status in April of 2016. Their visitor status was granted until October of 2016.

22. On July 01, 2016, Plaintiffs filed affirmative asylum applications which remain pending with the Houston Asylum Office. At such time of the filing of the asylum

application, Plaintiffs were within the period of lawful stay which ended on October 2016.[1]

23. On May 2, 2017, Plaintiff Mine Kavafoglu was notified that she had been selected for receipt of a Diversity Immigrant Visa. All Plaintiffs are eligible to process under the same visa.

24. A diversity visa number became available for Plaintiffs on August 01, 2018 for this category, permitting Plaintiffs to apply for adjustment of status to that of permanent residents.

25. Plaintiffs' applications for adjustment of status were received by USCIS on August 16, 2018, while they were in lawful status as applicants for asylum.

26. CIS unlawfully denied Plaintiffs' applications for adjustment of status on September 24, 2018.

27. CIS unlawfully denied Plaintiffs' motions to reconsider and request to re-open their denials of the applications for adjustment of status on September 28, 2018.

IRREPARABLE INJURY

28. Plaintiffs are suffering irreparable injury at this time because they are being denied adjustment of status, a benefit to which they are entitled as a matter of law. They will continue to suffer injury due to the denial of the underlying administrative matters. Once they are denied for this fiscal year, which ends on September 30, 2018, they will be unable to apply for Adjustment of Status.

---

[1] Plaintiffs note that their Counsel for Adjustment of Status matters and this action is not the same as the Counsel assisting with their asylum application.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

29. Plaintiffs have taken every step possible in the limited time frame to exhaust their administrative remedies prior to filing with this Court. Plaintiffs could not further exhaust remedies by filing Motions to Reconsider with Form I-290B, with Defendant, USCIS, for review of the denials of their Applications for Adjustment of Status, because the end of the fiscal year for the diversity lottery program is on September 30, 2018. However, even if Plaintiff's were allowed an opportunity to file the proper Motion to Reconsider with Form I-1290B, the Administrative Procedure Act (APA) does not require it because it is not a final agency action, and exhaustion is not warranted for futility and irreparable harm reasons. On September 28, 2018, Attorney Powers filed a motion to reconsider in person and received a denial on the same day, September 28, 2018.[2]

30. Any further exhaustion of administrative remedies would not be possible here due to the looming statutory deadline of September 30, 2018.

CAUSES OF ACTION

31. Defendants incorrectly asserted that the Plaintiffs could not adjust status according to INA § 245(c)(2), when in fact this was false, since the filing of the underlying I-485 application was not untimely through any fault of the Plaintiffs, as interpreted by a binding precedential decision of the Board of Immigration Appeals in *Matter of L-K-*, 23 I&N Dec. 677 (BIA 2004).

---

[2] Regarding its decision on the adjustments, United States Citizenship and Immigration Services (USCIS) mailed a decision on September 24, 2018 and Plaintiffs' Attorney received the decision with the reasoning on September 27, 2018.

32. Defendants have willfully and unreasonably denied Plaintiffs' adjustment of status applications, thereby depriving them of the right to become Lawful Permanent Residents of the United States and to allow that peace of mind to which Plaintiffs are entitled under the Immigration and Nationality Act.

33. Defendants' decisions to deny the I-485 adjustments of status application filed by Plaintiffs violate the Immigration and Nationality Act, INA §245(a), 8 U.S.C. §1255(a), INA section 203(c), 8 U.S.C. §1153 (C) Clause of the United States Constitution, and constitutes a manifest injustice and abuse of discretion. Additionally, this is a violation of the Due process clause under the Fifth Amendment to the United States Constitution, in violation of INA section 245(a), INA Diversity Lottery Section 203(c).

34. Defendants have also violated the Administrative Procedure Act 5 U.S.C. §706 by acting arbitrarily and capriciously, or otherwise not in accordance with law by misinterpreting binding precedential law in order to deny Plaintiffs' adjustment of status applications. Under the Administrative Procedure Act, they have acted contrary to Constitutional rights, in excess of statutory authority without observance of procedural law.

PRAYER FOR RELIEF

WHEREFORE, in light of the foregoing, Plaintiffs request that this Court grant the following relief:

1. Assume jurisdiction over this matter;

2. Declare that CIS' decisions to deny the applications for adjustment of status are unlawful, a violation of the Immigration and Nationality Act and the relevant regulations, a violation of the United States Constitution, and that Plaintiffs are

8

within the scope of applicants contemplated in *Matter of L-K-* who are entitled to adjust status within the United States;

3. Declare that there are no just or lawful grounds to deny Plaintiffs' adjustments of status and the issuance of visas;

4. Grant a Temporary Restraining Order on or before September 30, 2018, to compel defendants acting under their authority to immediately reopen and approve Plaintiffs Adjustment of Status applications, before the end of the fiscal year for diversity visa purposes, to preserve their eligibility for the visa for this fiscal year 2018, which ends September 30, 2018;

5. Compel Defendants and those acting under their direction to immediately reopen and approve all five Plaintiffs' adjustment of status applications;

6. Compel CIS to request sufficient visa numbers for the applications of adjustment of status to be allocated and made available prior to the end of the current fiscal year;

7. Compel DOS to allocate sufficient visas for the approval of the applications for adjustment of status prior to the end of the current fiscal year;

8. Grant an award of attorney's fees and costs under the Equal Access to Justice Act and other applicable statutory, common law, or constitutional provision; and

9. Grant such other relief as may be just and reasonable.

Dated this ___29th___ day of September, 2018.

Respectfully Submitted,

/s/ Ruby L. Powers
Ruby L. Powers
S.D. Texas Federal Bar No.:1098043
Texas Bar No.: 24057581
Attorney-In-Charge
Powers Law Group, P.C.
5225 Katy Fwy., Suite 300
Houston, TX 77007
Phone: (713) 589-2085
Fax: (713) 589-3101
Email: ruby@rubypowerslaw.com


/s/ Geoffrey A. Hoffman
Geoffrey A. Hoffman
S.D. Texas Federal Bar No.: 1045452
Florida Bar No.: 0059972
University of Houston Law Center
Immigration Clinic*
4604 Calhoun Rd., Ste.
TUII, Rm 56 Houston, TX 77204-6060
Phone: 713-743-2094
Fax: 713-743-2195
Email: ghoffman@central.uh.edu

* Institution for identification only; individual capacity

*Counsel for Plaintiffs*